IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JENNIFER L. POWELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civ. No. 05-465-GMS |
| | ) | |
| STANLEY TAYLOR, PAUL | ) | |
| HOWARD, WARDEN GEORGE, | ) | |
| and CORRECTIONAL MEDICAL | ) | |
| SERVICES, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM**

Plaintiff Jennifer L. Powell ("Powell ), was incarcerated at the Delores J. Baylor

Women's Correctional Institution, New Castle, Delaware, at the time she filed this lawsuit

pursuant to 42 U.S.C. § 1983. She appears *pro se* and was granted permission to proceed *in*

*forma pauperis* pursuant to 28 U.S.C. § 1915. (D.I. 3.) The court now proceeds to review and

screen the complaint pursuant to 28 U.S.C. § 1915 and § 1915A.

## I.    THE COMPLAINT

Powell brings the action against Department of Correction ("DOC") Commissioner Stan

Taylor ("Commissioner Taylor"), DOC Bureau Chief Paul Howard ("Bureau Chief Howard"),

DOC Warden George ("Warden George"), and Correctional Medical Services ("CMS"). (D.I. 2,

5.) Powell alleges that she told "them" she was bleeding and needed a doctor; that she was

"miscarrying for three weeks with no doctor"; and, she was "missed" because she told "them"

she could not work because she needed a doctor. (D.I. 2.) She seeks compensation, a place to

live, money for the loss of her child, and a lawyer.

## II.     STANDARD OF REVIEW

When a litigant proceeds *in forma pauperis,* 28 U.S.C. § 1915 provides for dismissal

under certain circumstances.  When a prisoner seeks redress in a civil action against a

governmental entity or employee, 28 U.S.C. § 1915A provides for screening of the complaint by

the court.  Both 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1) provide that the court may dismiss

a complaint, at any time, if the action is frivolous, malicious, fails to state a claim upon which

relief may be granted or seeks monetary relief from a defendant immune from such relief.  An

action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490

U.S. 319, 325 (1989).

The court must "accept as true factual allegations in the complaint and all reasonable

inferences that can be drawn therefrom." *Nami v. Fauver*, 82 F.3d 63, 65 (3d Cir. 1996)(citing

*Holder v. City of Allentown*, 987 F.2d 188, 194 (3d Cir. 1993)).  Additionally, *pro se* complaints

are held to "less stringent standards than formal pleadings drafted by lawyers" and can only be

dismissed for failure to state a claim when "it appears 'beyond doubt that the plaintiff can prove

no set of facts in support of his claim which would entitle him to relief.'" *Haines v. Kerner*, 404

U.S. 519, 520-521 (1972)(quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).

## III.    ANALYSIS

### A.     Medical Care

The Eighth Amendment proscription against cruel and unusual punishment requires that

prison officials provide inmates with adequate medical care. *Estelle v. Gamble*, 429 U.S. 97,

103-105 (1976).  However, in order to set forth a cognizable claim, an inmate must allege (i) a

2

serious medical need and (ii) acts or omissions by prison officials that indicate deliberate indifference to that need. *Estelle v. Gamble*, 429 U.S. at 104; *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999). A prison official is deliberately indifferent if he knows that a prisoner faces a substantial risk of serious harm and fails to take reasonable steps to avoid the harm. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). A prison official may manifest deliberate indifference by "intentionally denying or delaying access to medical care." *Estelle v. Gamble*, 429 U.S. at 104-05.

### B.   Pleading Deficiency

In the caption of the complaint and in the listing of parties Powell names as defendants Commissioner Taylor, Bureau Chief Howard, Warden George, and CMS but fails to make any allegations against them. A civil rights complaint is adequate where it states the conduct, time, place, and persons responsible. *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005) (citing *Boykins v. Ambridge Area Sch. Dist.,* 621 F.2d 75, 80 (3d Cir. 1980); *Hall v. Pennsylvania State Police,* 570 F.2d 86, 89 (3d Cir.1978)). Additionally, when bringing a § 1983 claim, a plaintiff must allege that some person has deprived her of a federal right, and that the person who caused the deprivation acted under color of state law. *West v. Atkins,* 487 U.S. 42, 48 (1988).

Initially the court notes that CMS is not "a person" within the meaning of § 1983. *See Evancho v. Fisher*, 423 F.3d 347, 350 (3d Cir. 2005). Also, as is apparent from their titles, Commissioner Taylor, Bureau Chief Howard, and Warden George all hold supervisory positions. It is well established that supervisory liability cannot be imposed under § 1983 on a respondeat superior theory. *See Monell v. Department of Social Services*, 436 U.S. 658 (1978); *Rizzo v.*

3

*Goode*, 423 U.S. 362 (1976). " 'A[n individual government] defendant in a civil rights action must have personal involvement in the alleged wrongdoing; liability cannot be predicated solely on the operation of respondeat superior.'" *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005) (quoting *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). Personal involvement can be shown through allegations that a defendant directed, had actual knowledge or acquiesced in, the deprivation of a plaintiff's constitutional rights. *Id.; see Monell v. Department of Social Services* 436 U.S. 658, 694-95 (1978). Supervisory liability may attach if the supervisor implemented deficient policies and was deliberately indifferent to the resulting risk or the supervisor's actions and inactions were "the moving force" behind the harm suffered by the plaintiff. *Sample v. Diecks,* 885 F.2d 1099, 1117-118 (3d Cir. 1989); *see also City of Canton v. Harris*, 489 U.S. 378 (1989); *Heggenmiller v. Edna Mahan Corr. Inst. for Women*, No. 04-1786, 128 Fed.Appx. 240 (3d. Cir. 2005).

In the present case, Powell does not indicate when or where the alleged violations occurred. Nor does she associate any of her allegations with any of the defendants. Hence, it is not clear which defendants, if any, were personally involved or had any supervisory liability for the alleged constitutional deprivations.

Based upon the foregoing, the claims are dismissed for failure to state a claim upon which relief may be granted. Powell, however, is given leave to amend the complaint.

## IV.   CONCLUSION

Based upon the foregoing analysis, the complaint is dismissed without prejudice for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)

and § 1915A(b)(1).  Powell is given leave to amend her complaint.  An appropriate order will be
entered.

_____
UNITED STATES DISTRICT JUDGE

March 31, 2006
Wilmington, Delaware

5

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

JENNIFER L. POWELL,        )
                                        )
        Plaintiff,       )
                                         )
    v.                     )  Civ. No. 05-465-GMS
                                         )
STANLEY TAYLOR, PAUL     )
HOWARD, WARDEN GEORGE,  )
and CORRECTIONAL MEDICAL  )
SERVICES,                )
                                         )
        Defendants.    )

**ORDER**

At Wilmington this _31st_ day of March, 2006, for the reasons set forth in the

Memorandum issued this date,

1.    The complaint is DISMISSED without prejudice pursuant to 28 U.S.C. §

1915(e)(2)(B) and § 1915A(b)(1).

2.    Plaintiff is given leave to amend the complaint.  The amended complaint shall be

filed within thirty days from the date of this order.  If an amended complaint is not filed within

the time allowed, then the case will be closed.

_____
UNITED STATES DISTRICT JUDGE